JOSEPH DANIELS, Plaintiff in Error, *vs.* IRA WILLIS, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

An award will not be set aside on account of an omission to act upon the matters submitted, unless that omission should have injured the party complaining.

And the same principle holds true in a case where the arbitrators have exceeded their powers; the complaining party must show prejudice to entitle himself to relief.

A stipulation in the submission papers that the award shall be final, and that no appeal or writ of error, or other proceeding shall be taken to interfere with or destroy in any manner such award, is binding upon the parties, and will preclude either party from reviewing a judgment setting aside the award, where the arbitrators have passed upon all the issues, and no fraud or misbehavior on the part of the arbitrators or parties is alleged or shown.

Points and Authorities of Plaintiff in Error.

I.—The Court below erred in refusing to set aside and vacate said award, and in accepting and confirming the same and rendering judgment thereon. *Comp. Stats. p.* 691, *sec.* 13.

1st. Because said arbitrators exceeded their powers under the submission.

The articles of submission did not authorize them to direct a sale of the property, but simply to determine which of the

parties was entitled to possession. After the arbitrators had found that Willis was entitled to the possession of a portion of the property, they had no power to direct a sale. They were prohibited from so doing by the stipulations.

II.—The arbitrators so imperfectly executed their powers, that a mutual, final and definite award on the subject matter submitted was not made.

1st. They made no award whatever in relation to the replevin suit pending in the United States District Court, or the matters involved therein.

2d. They made no award whatever as to the two thousand dollar note made by Freeborn, Moss & Daniels, dated October 3d, 1856.

3d. They made no sufficient, and in fact no award whatever, as between these parties, as to the promissory note and chattel mortgage made by Asa Barton, bearing date February 21st, 1860.

4th. They made no award, as between these parties, as to the two gray colts, but say that neither are entitled to the possession thereof, which was an impossibility under the articles of submission.

III.—That said award is contrary to law and the evidence given in the case.

IV.—That the stipulation in the said articles of submission, that the award of the said " arbitrators, or the greater part of them, shall be final in all the premises described herein, and that no appeal nor writ of error or other proceeding shall be taken to interfere with or destroy in any manner such award by either party," is wholly void. *Comp. Statutes p.* 691, *section* 13.

V.—If the above stipulation is not void, it can only estop the parties, where the arbitrators have fully and fairly passed upon and determined all the questions submitted to them according to the terms of the articles of submission.

VI.—The neglect or refusal of the majority of the arbitrators to make any award upon a portion of the matters submitted to them, was a fraud upon the rights of the Plaintiff in Error, and fraud vitiates all things.

Points and Authorities for Defendant in Error.

I.—By the express terms of the submission, the award of the arbitrators in this case was to be and was final and conclusive between the parties; and consequently no question prior to the entry of the judgment on such award can be reached by writ of error, and no error is assigned upon the judgment, hence it must be affirmed.

II.—Where, by the terms of the submission, an award is to be final, the Court will not disturb a judgment entered thereon, except where the proceedings have been tainted with fraud, and that must be clearly shown. Every reasonable intendment is to be made in favor of an award. 1 *U. S. Dig. p.* 215, *sec.* 409, *and cases there cited; Id. p.* 217, *sec.* 460; *Id. p.* 216, *sec.* 433; *Id. p.* 219, *secs.* 513–14; *Id. p.* 220, *sec.* 545.

III.—It is entirely competent for parties to stipulate that no appeal or writ of error shall be taken from a judgment or other proceeding; and such stipulation is binding upon the parties thereto. 1 *U. S. Dig. p.* 216–7, *secs.* 425–6, 444–5, 465.

W. H. GRANT, and MASTERSON & SIMONS, Counsel for Plaintiff in Error.

D. COOPER, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—A number of notes and chattel mortgages, and a suit with matters involved therein pending in the United States District Court, were submitted to the arbitrators selected by the parties, for their final determination thereon. The arbitrators made and filed their award. The Plaintiff in Error moved to vacate and set aside the award, upon certain grounds specified in the notice of motion. The motion was overruled, and judgment was entered in the District Court upon the award, and in pursuance of the terms thereof, in favor of Willis. Daniels thereupon sued out a writ of error,

Two principal grounds were alleged in the Court below, upon the motion to set aside the award, viz :

1st. That the arbitrators exceeded their powers.

2d. That the arbitrators so imperfectly executed their powers as arbitrators, that a mutual, final and definite award on the subject matters submitted was not made.

The arbitrators determined that Willis was entitled to the possession of certain personal property described in the chattel mortgages, which formed a part of the subject of the submission, and also awarded that the same be sold at public auction, and the proceeds be applied toward paying the expense of keeping the same, the expenses of the arbitration, and the balance apply toward the liquidation of the amount found due from Daniels to Willis.   It is claimed that the arbitrators had no authority to order such sale, and appropriate the proceeds.

The provision on this behalf in the submission papers, is as follows, viz :

"And it is hereby further agreed by and between the parties hereto, that the property taken by the United States Marshal, or any of his deputies or agents, or by the said Plaintiff or any of his agents, either by virtue of the said writ of replevin, or in any other manner, or upon any other process or upon any pretension whatever, shall be and remain in the hands of W. B. Gere, the said United States Marshal, subject to all the rights of either party in said action, and subject to the award of said arbitrators, the same as though the rights of said parties herein were determined by said Court, with the exception only, that in no case either party shall have the possession of said property, except by the award of said arbitrators."

It appears from this that the property was to remain in the hards of the Marshal, subject to all the rights of either party in said action, *and subject to the award*, the same as though the rights of said parties herein were determined by said Court.   If the finding of the Court had been that Willis was entitled to the possession of the property, a sale, perhaps, could not properly have been ordered.   But Willis would have been the only party entitled to object to the same.   It

is stipulated that neither party shall have possession except under the award. Daniels certainly was not entitled to the possession under the award, and it does not appear that he is in any manner injured by having the property sold. On the contrary it would appear that he is actually benefited, since the proceeds of the sale were to be applied in part towards payment of the debt due from him to Willis. It may be questionable, even, whether the arbitrators, under the broad authority specified in the submission papers making this property subject to the award, have exceeded their powers, in ordering a sale of the property. But however this may be, we think the Plaintiff in Error is not in a position to urge the objection. It is well settled that an an award will not be set aside in equity, on account of an omission to act upon the matters submitted, unless that omission should have injured the party complaining. *Davy vs. Faw*, 7 *Cranch*, 171. And courts of law are still less liberal than those of equity in regard to setting aside awards. The principle above stated is equally applicable to cases where the arbitrators have exceeded their powers, as where they have failed to exercise those actually conferred.

Upon the second ground of objection it is urged, that the arbitrators made no award whatever in relation to the replevin suit pending in the United States District Court, or the matters involved therein. It would be a sufficient answer to this objection, that this Court has no proper means of judging whether this specification is well founded or not, since the pleadings in that action are not before the Court, and it can at best only surmise what the issue or some part of the issue in that action was. So far, however, as the papers in this suit do throw any light on the subject, the objection appears to be without foundation. It may be inferred that the action of replevin was brought to recover possession of the property, or some of it, described in the chattel mortgages, which formed a part of the subject of submission. With reference to this property, the arbitrators have awarded that Willis was entitled to possession of a part, and in regard to another part, that neither party were entitled to possession. They have thus considered the matter, and made an award upon it, and

so exercised, to some extent at least, the power conferred upon them. And at all events, the Plaintiff in Error has not presented a state of facts to this Court, to enable it to decide that the arbitrators have committed an error upon the point here raised.

It is further objected that the arbitrators made no award whatever as to the two thousand dollar note made by Freeborn, Moss and Daniels, dated October 3, 1856.

In regard to this note, the statement of the award is as follows, viz:

"That the title to the promissory note of $2,000, dated October 3d, 1856, made by Wm. Freeborn, H. L. Moss, and Joseph Daniels, payable one year from date, being the note first mentioned and described in said articles of agreement and submission, has not been sufficiently proven to be in the said Ira Willis, and all questions arising upon said note have not been passed upon by us."

It appears from the above that the arbitrators did take the note into consideration, and heard some evidence in regard to the same, sufficient, at least, to determine that Willis (who probably claimed to be the owner) had not proved title in himself. They further say that all questions arising upon said note have not been passed upon by them. What these questions were does not appear, nor whether the Plaintiff in Error had any interest in their determination. The arbitrators did certainly act upon and consider the note, and, so far as this Court can judge, sufficiently to release Daniels from any obligation to Willis thereupon. It does not appear that it would have been competent or pertinent for the arbitrators to have gone farther and decided in whom the title of the note was, as none but the parties to the arbitration could be bound by the award. Nor, even were it competent for the arbitrators to decide such question, does it appear there was any evidence before them upon which they could properly act. There is no error apparent in this specification upon which the award should be set aside.

It is further objected, that the arbitrators made no award whatever as between these parties, as to the promissory note and chattel mortgage made by Ara Barton, bearing date February 21, 1860.

In regard to this objection, we find the following statement in the award, viz : "we do decide that the promissory note of $175, and the chattel mortgage to secure the same, made by Ara Barton, dated February 21, 1860, mentioned in said articles of agreement and submission, were not shown to be the property of said Ira Willis, but of Linus Porter, and the same were duly considered for the purpose of establishing an endorsement or payment upon the other notes herein mentioned."

It appears from the submission papers that three other persons besides Willis and Daniels, viz: Grant, Barton, and Wheat, joined in the submission, and agreed that their interests should be subject to and determined by the decision of the arbitrators between the principal parties.  What their interests were does not appear, nor is it material to the determination of this question.  It is sufficient here to say, that it does appear from the award that the arbitrators fully considered the note in question, decided in whom was the title, as well as other questions pertaining to the note and mortgage, and no error is shown in their decision in regard thereto.  It does not indeed appear that the Plaintiff in Error was in any way connected with this note and mortgage, save as it is mentioned in the submission between him and Willis, and he shows no prejudice whatever resulting from the decision of the arbitrators upon the note.

The arbitrators further decided that two gray colts, which were in the hands of the United States Marshal, were not included or embraced in any or either of the chattel mortgages given by said Daniels to Linus Porter in said article of agreement specified, and that neither the said Willis nor the said Daniels, have a right to the possession of the same.  It is claimed that this finding is erroneous, and that under the articles of submission, title should have been found in the one party or the other.  We fail to discover anything in the terms of the submission papers justifying such a construction.  The parties agree to submit " all demands, rights and equities growing out of a suit, &c., as well as the notes and chattel mortgages hereinafter specified," and also agree "that in no case either party shall have the possession of said property,"

(the property in the hands of the United States Marshal,) except by the award of said arbitrators." The said suit, and " all matters embraced in the same" are submitted to arbitration. Not only is there nothing in the terms of the submission requiring the arbitrators to find title in one or the other of the parties, but by strong implication at least, the arbitrators may decide that neither party is entitled to the possession. And indeed, had the instrument admitted of the construction claimed for it, by the Plaintiff in Error, the arbitrators could not have been bound by it, any farther than the evidence justified the finding in accordance therewith, under the oath they are required to take.

We are thus led to the conclusion that the specifications of error upon the second ground, upon which the motion to set aside the award was made, are not well taken in fact. But if it were admitted that the arbitrators had neglected or refused to pass upon any of the matters specified, the Plaintiff in Error would still have failed to make a case entitling him to have the award set aside, under the principle laid down in the *7th of Cranch*, above cited. He shows no injury or prejudice which he has suffered from the alleged failure of the arbitrators to exercise the powers conferred upon them. This may now be considered a well settled principle in both legal and equitable cases, and is especially applicable to arbitrations, awards in which, Courts have always shown a great unwillingness to disturb. The cases are very numerous in which it has been held that awards are not to be set aside, but for corruption or misbehavior, or for some great or palpable error, or gross mistake. None of those grounds appear in the case at bar; on the contrary, so far as the papers before this Court show, the arbitrators have fully and conscientiously discharged their duty.

There is still another objection to sustaining the writ of error in this case, or rather the objections urged to the decision of the Court below in refusing to set aside the award. The parties in the submission papers have stipulated and agreed " that the award of the said arbitrators or the greater part of them, shall be final in all the premises described herein, and that no appeal or writ of error, or other proceed-

ing shall be taken to interfere with or destroy in any manner such award by either party." This stipulation is clear and explicit, and it is undoubtedly competent for the parties to enter into such an agreement. We do not think it can be evaded except perhaps on grounds of fraud and misbehavior, —certainly not for mere mistake of the law, or the facts of the case. It is unnecessary to decide in this case, whether the stipulation would be applicable in a case where the arbitrators had refused or neglected to find in any manner upon one or more of the matters submitted to them. Where they have passed in some manner upon all the issues, even though the Court might think they had erred in their finding, under such a stipulation the Court would not be at liberty to review the case, and set aside the award. In the language of Chancellor Kent in *Underhill vs. Van Cortlandt*, 2 *Johns. Ch. R.*, 361, "if every award must be made conformable to what would have been the judgment of this Court in the case, it would render arbitrations useless and vexatious, and a source of great litigation, for it very rarely happens that both parties are satisfied. The decision by arbitration is the decision of a tribunal of the parties' own choice and erection. It is a popular, cheap, convenient, and domestic mode of trial, which the courts have always regarded with liberal indulgence ; they have never exacted from these unlettered tribunals, this *rusticum forum*, the observance of technical rule and formality. They have only looked to see if the proceedings were honestly and fairly conducted, and if that appeared to be the case, they have uniformly and universally refused to interfere with the judgment of the arbitrators." These remarks are applicable in all their force to the case at bar, and inasmuch as the arbitrators have passed upon all the issues, and no fraud, corruption, or misbehavior is shown, we think the stipulation alone, to bring no appeal or writ of error, &c., would prevent the Plaintiff in Error from urging his objections in this Court.

The judgment below is affirmed.