Delana Babcock et al.

*v.*

Ephraim D. Cobb.

On the 31st day of December, 1859, license was granted to an administrator to sell real estate of an intestate for payment of debts.   The sale was made on the 31st day of December, 1860, having been first advertised on the 30th day of November, 1860.

*Held:* That Sec. 4 of Chapt. 31, Laws of 1860, page 187, applied to such sale, and that no such bond as is thereby required having having been executed, the sale was void.

This suit was brought in the District Court for Olmsted county, by Delana Babcock, and Olive Crabbs and Francis D. Babcock, by their guardian *ad litem*, against Ephraim D. Cobb, to recover possession of one hundred and sixty acres of land in said county, and to remove an alleged cloud upon their title.  The cause was tried by a referee.  Upon the trial, certain testimony was offered on the part of the plaintiffs, and admitted under the objection of defendant, which is stated in the opinion of the Court.  The material facts as found by the referee, are substantially as follows :  Oliver S. Babcock died intestate, seized in fee of the land in question.  Delana Babcock is his widow, and Olive Crabbs and Francis C. Babcock, who are minors, are the sole surviving children and heirs at law of said Oliver S. Babcock.  An administrator was duly appointed, and duly qualified by giving the usual official bond at the time of his appointment.  Commissioners were also appointed, and filed their report of the indebtedness of the estate, etc.  On the 31st of December, 1859, the probate court licensed and authorized the administrator to sell the land to pay the debts of the deceased, under Chap. 39, Pub. Stat.  *No bond under Sec. 8 of said Chapter was executed, and none required by the probate court.*  The administrator sold the land at public auction on the 31st day of December, 1860, to the defendant, Cobb, subject to the right of dower, and all incumbrances, etc.  The sale was approved and confirmed by the probate court, and the usual administrator's deed given, which was recorded in March, 1862, and Cobb entered into possession of the land.  At the time of the sale, all the surviving children of the intestate were minors, and in the proceedings in the probate court with reference to such sale, no guardian *ad litem* was appointed in their behalf to attend to their interest.  Before commencing suit, plaintiffs offered to re-pay to defendant the purchase money, and taxes, etc., and asked him to remove the cloud caused by his deed, which he refused.  The defendant had no notice of any irregularity in any of the proceedings prior to said sale,

Babcock et al. v. Cobb.

other than the records of the court showed upon their face. As conclusions of law, the referee found and decided, among others, as follows: * * * " That within the intent and meaning of Sec. 14, Chap. 39, Pub. Stat. of this State, it was a condition precedent to the right of the administrator, to sell the real estate in question for the purpose contemplated when the license was given, that the administrator should, before such sale, give to the judge of probate a bond, in the form and substance prescribed by Sec. 4, Chap. 31, of the general laws of Minnesota for 1860. * * * That the execution and record of the administrator's deed as aforesaid, and the possession thereunder by the defendant, casts and constitutes a cloud upon the plaintiffs' title to the land, which this court, acting as a court of equity, should cause to be removed, upon such terms as are just, and the plaintiffs restored to the possession of their property."

Judgment was entered in favor of plaintiffs pursuant to the report, and the defendant appeals to this Court.

Charles C. Willson, for appellant.

The 4th Sec. of Chap. XXXI, Laws of 1860, should be construed to apply only to every executor or administrator who should be licensed after the passage of that act.

(a)  Positive enactments such as this are not to be construed as interfering with pending suits or proceedings, unless the intent thus to interfere be clearly expressed in the enactment— with regard to repealing enactments the rule is otherwise. *Bradford v. Shilling*, 4 Serg. and Rawle, 401; *Duffield v. Smith*, 3 Id. 590, 598, 599; *Butler v. Palmer*, 1 Hill, 325; *Wood v. Oakley et al.*, 11 Paige, 400; *State v. Atwood*, 11 Wis. R. 422.

(b)  The words of this section seem to indicate future cases of licensing only—clearly the section was not intended to apply solely to the few cases where licenses had then been granted, and the sales had not yet been made.   It was intended

Babcock et al. v. Cobb.

to be a general law for the future, and in legal effect reads: "Every executor or administrator who *shall be* licensed, shall give bond to account for proceeds," &c. If this last be not the true sense of the act, its office was spent on the few cases of licenses outstanding when the act was passed; for by no construction can the section be made to read "every executor or administrator who *is now* or shall heretofore be licensed shall give bond," &c.

In the case at bar the license had been granted more than two months before the date of the passage of the act, and was not touched or affected by it. *Jackson v. Bear,* 10 Wend. 441; *Fox v. Lipe,* 24 Wend. 164.

(c) This statute is directory merely. It imposes a *duty* on the administrator. If he neglects to give the bond he may be removed, but third parties without notice, and acting in good faith, will not be effected by the omission. *Fox v. Lipe,* 24 Wend. 164; *Cameron v. Cameron,* 15 Wis. 1; Last Clause of 11 Mass. 227; 10 Peters, 449.

His acts, like those of any officer *de facto,* were valid so far as they concern third persons. *People v. Stevens,* 5 Hill, 630; *People v. White,* 24 Wend. 526-7.

(d) The amendment is in Chap. XXXVIII, and not XXXIX, and (quere) does it affect sales, other than lands of those persons under guardianship? This amendment leaves no requirement upon guardians to give bond on selling the real estate of their wards.

EDSON AND START, for respondents.

I. The report of the referee, so far as it relates to facts, will not be disturbed except for the most cogent reasons; and this court will take the facts as reported, and review the question, whether the facts found sustain the conclusions of law. *Irvine v. Meyers & Co.,* 6 Minn. 558; *Kumler v. Ferguson,* 7 Minn. 442.

II.   The referee finds " that no additional bond was given by the administrator before making sale of the land in question."

We propose to consider :

1.   Was an additional bond required by law at the time of making the sale ?

It is a well established rule that a statute should be read according to the natural and most obvious import of the language, adhering to the grammatical sense of the words, with due regard to the old law, the mischief and the remedy to be sought in the new.   And applying these rules of construction to Sec. 14, Chap. 39 of the Public Statutes, and Secs. 4 and 6 of Chap. 31 of the laws of 1860, the only conclusion that can naturally and reasonably be arrived at, is that the Legislature intended that such additional bond *should be given in all cases*, as well upon sales made under licenses *already granted*, as upon those granted *subsequent* to the passage of the act.   1 Kent Comm. 8th Ed. 511, 513; *Isham Admi's v. Bennington Iron Co.*, 19 Vt. 230; *Catlin v. Hull*, 21 Vt. 152; Pub. Stat. Minn., p. 113, S. 1, 1st Subd. p. 117 S. 20.

(a)   The mischief incident to the old law, which the Legislature evidently sought to guard against, was the liability of an abuse of the discretion by the Probate Court, and thereby the interests of innocent persons and minor heirs wrongfully prejudiced.   The remedy was that executors and administrators *should* give such bonds before the sales of real estate, for their protection, and these reasons apply as forcibly to sales made upon orders already granted but not executed, as to those made under future orders.   *Dutton v. Vt. Mutual Fire Ins. Co.*, 17 Vt. 369.

(b)   The order of the Probate Court to sell in this case, being *executory*, and nothing having been done under and by virtue thereof by the administrator at the time of the passage of the act of 1860, the Legislature had the undoubted right to

direct in what manner and under what condition the trust should be executed, and the repeal of Sec. 8 of Chap. 39 of the Public Statutes before the execution of his trust, took away all right which he *might* have had to proceed before giving such bond. Smith's Comm. on Statutes, p. 890 and 896; Smith on Constitutional Construction, S. 254; *Bailey & Gilman v. Mason & Craig*, 4 Minn. 546; *Mason & Craig v. Hayward Ex. &c.*, 5 Minn. 74; *Willim v. Bernheimer*, 5 Minn. 288.

(c)  It is argued that giving the foregoing construction to the statute, renders it retrospective in its operation, (which grant for the purposes of argument.)  Yet it does not impair the obligation of contracts, or divest any vested rights.  The power of the Legislature is unlimited in passing retrospective acts, save by the restrictions contained in the Federal and State Constitutions.  *Butler v. Palmer*, 1 Hill, 324.

2.  Within the intent and meaning of Sec. 14 of Chap. 39 of the Public Statutes, as it stood at the time of said sale, modified by the act of 1860, it was a condition precedent to the right of the administrator to sell said real estate, that the administrator should, before such sale, give bonds to the said court in the form as prescribed by Sec. 4 of Chap. 31 of the General Laws of Minn. for 1860, and no such bond being given, that said sale is void.  *Bloom v. Burdick*, 1 Hill, 130; Public Statutes Minn., p. 419, S. 14; General Laws of 1860, p. 187, S. 4 and 6; Public Statutes of Minn., p. 424, S. 52 ; *Thatcher v. Powell*, 6 Wheaton, 119.

*By the Court*—BERRY, J.—The decision of this case depends upon the validity of an administrator's sale of real estate.  It appears that the license to sell was granted on the 31st day of December, 1859.  At that time, the statute (section 8, p. 418 Pub. Stat.) required the administrator to give a bond prior to sale in certain cases.  By an act passed March 10, 1860, section 8 was repealed, and the following enacted

Babcock et al. v. Cobb.

as section 13, of Chap. 38 of Pub. Stat : "Every executor, or administrator, licensed to sell real estate, shall, before such sale, give bond to the Judge of Probate, with sufficient sureties, to be approved by said Judge, with conditions to sell the same, and account for the proceeds according to law." Laws 1860, p. 187. The sale, in this case, took place on the 31st day of December, 1860, having been first advertised Nov. 30th, 1860. No bond, as required by the act of March 10th, was executed. To prove this fact, the Judge of Probate was called as a witness, and testified, that, after diligent search, he had been unable to find any such bond, or any mention or record of it among the records of the Probate Court. The administrator was also called, who testified, that, in the course of his administration, he executed no bond, except his official bond as administrator. To all this testimony the defendant below objected on the ground, "that, in this collateral action, the presumption of law that the proceedings of the Probate Court were regular, and according to law, could not be contradicted or disproved, and that there could be no judicial inspection by this Court behind the record of the Probate Court, and that the inquiry was immaterial and irrelevant." But the objections were rightly overruled, and the testimony properly admitted. The statute (Sec. 52, p. 24 Pub. Stat.) provides, that, in case the heirs, or persons claiming under a decedent, shall contest the validity of an administrator's sale, such sale shall not be avoided, provided it shall appear, among other things, that the administrator "gave a bond, which was approved by the Judge of Probate, in case a bond was required upon granting a license." By necessary implication, it follows that a sale *may be* avoided if the want of the required bond is made to appear, and, of course, it is implied that it may be made to appear by competent evidence. The testimony introduced for that purpose here was certainly competent. There could be no other, or more satisfactory, way to establish a negative fact of that

kind, than by calling the custodian of the records, and corroborating his testimony by that of the administrator himself. Nor do we think that this is a collateral action in any such sense as to render it improper to introduce evidence to impeach the sale. It is clearly such "an action for the recovery of any estate sold" by an administrator, as by section 50, page 423, Pub. Stat., the heir is authorized to bring, within five years after the sale, and in which he is permitted to assail it on the ground, among others, that the required bond was not given. For the bringing of an appeal from an order or judgment of the Probate Court, he is limited to thirty days after the notice thereof. Nor is there any presumption in favor of the proceedings of a Probate Court, which renders evidence of this character, or upon this subject, incompetent or inadmissible. The very fact that, by the statute regulating this matter, a sale is allowed to be attacked for the want of the requisite bond, precludes the idea that there is any presumption in favor of the acts of Probate Courts, which would exclude any attempt to make the attack. To return: it appeared upon the trial below, and the referee who tried the cause finds that no bond, such as is required by the act of March 10, 1860, was executed. If this bond was required in the sense of the statute, the want of it was fatal. The statute settles this. Sub. 2, Sec. 52, p. 424, Pub. Stat. The word "required" is not used in the sense of "ordered, or demanded, by the Judge of Probate," because an inspection of the statute shows that section 8, which we have already spoken of as repealed, and which was contained in the same chapter as section 52, above referred to, peremptorily requires the execution of a bond before sale, whenever the administrator was authorized to sell more than was necessary for the payment of debts, and also allowed the Judge of Probate to require a bond further than his official bond, when he should deem it necessary. We take it that subdivision 2, of section 52, in speaking of the bond "required," had reference to any bond required by

Babcock et al. v. Cobb.

law, whether it was to be given with, or without, the express direction of the Probate Judge. There would seem to be no reason why the want of such bond should be fatal to the sale in the latter case, and not in the former. But it is insisted that the act of March 10, 1860, passed, as it was, after the license to sell was granted, did not apply to this sale; that it was future in its operation, and applied only to cases where the license was granted after the 10th day of March. It is not easy to conceive of any reason why it should not apply as well where the license had been already issued, but no step taken towards a sale, as where the license itself was issued subsequent to the passage of the act. The same considerations of protection of the interest of heirs and infants would seem to have place in one case as in the other. The language, "Every executor, or administrator, *licensed* to sell (that is to say, in that condition, holding a license now, or at any time,) etc., etc., shall give bond, etc.," would seem to comprehend both cases. And reasoning from the analogies of our statute relating to probate proceedings, which require, or authorize, security for the protection of heirs and creditors, it would seem that the enactment of the section referred to, simultaneously with the repeal of the only provision of statute by which security in a case of this kind was authorized, would have a strong tendency to show that the former was intended as a substitute for the latter, and designed to take effect at the same moment when the other was abrogated. See *Sibley v. Waffle*, 16 N. Y. 182-3. We think that the bond provided for in the act of 1860, was necessary in this case, and that the failure to execute it was fatal to the validity of the sale. As this view disposes of the case, it is unnecessary to allude to other points made upon the argument.

Judgment affirmed.