CHARLES I. McCARTHY and another *vs.* CATHARINE VAN DER MEY and others.

December 20, 1889.

**Homestead—Life-Estate of Surviving Husband or Wife.**—Under Laws 1876, *c.* 37, a surviving husband or wife was entitled to an unconditional life-estate in the homestead premises. It was not qualified by, or subject to, a distinct or independent right of occupancy by the minor children.

**Same—Conveyance of Such Life-Estate.**—A valid conveyance of such life-estate divests the homestead right; and the grantor cannot afterwards contest the validity of a sale of the premises to pay debts, under a license of the probate court.

**Same — Fee of Homestead of Decedent is Assets — Sale by Probate Court.**—The fee of the homestead of a deceased person is part of the as-

sets of his estate for the payment of debts; and the time when it should be ordered to be sold by the probate court, upon due proceedings had, is not a jurisdictional question.

Same—Sale during Life-Estate of Survivor.—A sale of the reversion for such purpose, pursuant to the license of a probate court, is not void, and the sale cannot be attacked, in a collateral proceeding or an independent action, on the ground that the homestead right had not terminated when the license was procured or sale made.                                    ..

Action to determine adverse claims to real estate in Ramsey county, brought in the district court for that county and tried by *Brill*, J., who ordered judgment for plaintiffs.    The defendants are Catharine Van Der Mey (widow of Henry H. Timme, deceased) and John Van Der Mey, her husband; Amelia Angela Timme, daughter of Henry H. Timme; and Geo. H. Hammer, the surviving husband of Sophia Timme, also a daughter of Henry H. Timme.    The defendant Amelia is a minor, and appears by guardian *ad litem*, and she and the defendant Hammer appeal from the judgment.

*Otto K. Sauer* and *Chapin & Sauer*, for appellants.

*John D. O'Brien* and *Homer C. Eller*, for respondents.

VANDERBURGH, J.    The findings of the trial court in this case establish the following facts:    Henry H. Timme died January 31, 1885, intestate.    He was then the owner of lots 1 and 2, in block 4, Bazille & Guerin's addition to St. Paul, and left him surviving his widow, the defendant Catharine, since married to the defendant John Van Der Mey, and the other defendants, his children, some of whom were minors.    At and prior to his death the intestate occupied, with his family, a building standing on the north 50 feet of lot 1 and a part of lot 2, and used in connection therewith the north 25 feet of the south 75 feet of lot 1, and a part of lot 2.    The defendant Catharine, with her children, continued to occupy the same premises until October 9, 1885, when they removed therefrom, and have not since occupied the same.    One Frank Schlick was by the probate court of Ramsey county duly appointed administrator of the estate of the deceased on March 17, 1885; the latter being at the time of his death indebted to divers persons in a considerable sum.    The administrator was thereafter duly licensed to sell the real estate, in-

cluding the two lots above described, after due notice to all persons interested. The administrator thereafter duly qualified and gave bonds as directed by the license, and in pursuance thereof, and thereafter, upon due notice, on the 5th day of December, 1885, proceeded to sell the advertised premises at public vendue to the highest bidder, and then and there struck off and sold to the plaintiffs the real estate described in the complaint and in controversy here, being the south half of lots 1 and 2, above described, for the sum of $6,600. Such sale was duly confirmed by the probate court on the 30th day of December, 1885, and on the same day the administrator executed, in due form, to the purchasers his deed of conveyance of the premises so sold, in pursuance of the sale, and received the purchase-money therefor. The court also finds that the plaintiffs purchased the land in good faith, and without any notice that the same or any part thereof was exempt property, or was so claimed. The plaintiffs thereupon went into possession of the premises, and have ever since remained in the possession thereof. Other real estate of the intestate was sold at the same time, and a surplus distributed to the defendants, as the heirs of the deceased, in pursuance of the final decree of the probate court, on the 20th day of February, 1886. On December 30, 1885, when the sale was confirmed, the defendant Catharine and her husband executed and delivered to the plaintiffs their deed of quitclaim, duly acknowledged and recorded, whereby they conveyed all their right, title, interest, claim, and demand in or to the real estate described in the complaint. Save as expressly passed upon by the court in its findings, the allegations in the pleadings are found not to have been established.

The validity of the sale by the administrator is attacked on the ground that the lots 1 and 2, in question, embraced the homestead of the deceased, which had never been defined or set apart, and because, as appellants insist, the court had no jurisdiction to take proceedings for the sale of the premises, including the homestead, to pay debts, during the life of the widow and the minority of the children.

When the homestead has never been so defined or selected from a larger tract occupied by the owner or surviving husband or wife, it

is manifest that ordinarily, as between such survivor and the heirs or other interested parties, this must be done before their relative rights can be determined, and the estate finally settled and distributed. But prior to the late amendment (Laws 1889, *c.* 46, § 63 *et seq.*) the statute did not exempt the fee of the homestead of the deceased from liability for his debts. It was part of the assets of the estate for the payment of the same. But conceding, without deciding, that the probate court could not determine the question of the existence of the homestead, so as to conclude the rights of the claimants, still the question whether the real estate in question should be sold subject to the homestead right, or the sale thereof be postponed until the life-estate or homestead interest has terminated, is not one involving the jurisdiction of the probate court over the subject-matter. The question is as to what rule should be applied in respect to the time of sale. Under the homestead law, (Gen. St. 1878, *c.* 68, § 1,) the right of the wife and minor children continues only for such time as the homestead is occupied by them. It is therefore uncertain as to its duration; and hence the courts of several of the states have held it erroneous to proceed to the sale of the land pending the homestead occupancy under such statutory provisions, on the ground that a sale under such circumstances would be likely to be made at a sacrifice. *Showers* v. *Robinson,* 43 Mich. 502, 508, (5 N. W. Rep. 988;) *Rottenberry* v. *Pipes,* 53 Ala. 447, 452. But the jurisdiction of the probate court over the fee of the homestead premises, subject to the homestead right or estate, cannot be doubted, because, until the late act, it was part of the estate of a deceased person; and an error in respect to the time when a sale should be licensed, if such it be, must be corrected in the same proceeding. A sale before the expiration of the homestead right would not be void, or subject to collateral attack. *Showers* v. *Robinson,* 43 Mich. 502, 510, (5 N. W. Rep. 988.) There is not, however, the same reason for delaying the sale where the intermediate estate is for life, the value of which may be estimated by definite rules and upon settled principles.

But it is not necessary to determine the question, in this case, whether an objection of the character suggested might properly have

been raised in the probate proceedings. The sale referred to was not without jurisdiction, or void, though it may have been subject to the life-estate of Mrs. Van Der Mey in the homestead premises, as they might be defined. But the question of her rights in the premises is entirely eliminated from the case by her deed, which must, under the findings, be held valid; and she is not now in a position to raise any question in respect to the homestead. *Drake* v. *Kinsell*, 38 Mich. 232, 237. Since the acts of 1875–76, (Gen. St. 1878, *c*. 46, § 2,) the homestead provisions for a surviving wife found in chapter 68, § 1, are necessarily merged in or superseded by the life-estate in the homestead premises secured to her under the act of 1876. This estate is an absolute, unconditional estate for life. *Holbrook* v. *Wightman*, 31 Minn. 168, (17 N. W. Rep. 280.) It is not qualified by or subject to a distinct or independent right of occupancy by the minor children. The survivor has the sole right to the use, enjoyment, and disposition of such estate during his or her life. The legislature, in making such provision, evidently assumed that as a rule the interest of the survivor and that of the minor children are not conflicting, and the provision made for the surviving parent must be held as intended to be sufficient for them. The statute of 1876, by vesting a freehold estate, with the privilege of continued occupancy, in the surviving head of the family, as securely provides and continues the homestead for their benefit as the homestead act does in the lifetime of the owner. The title and possession of the survivor under that statute is that of a life-tenant; and in this instance, in which it is found that the defendants, after a few months, abandoned the premises and never resumed possession, the minor children never possessed any separate homestead interest, nor will they hereafter be entitled to any, in virtue of the estate or occupancy of either parent. There could be no such right or interest in the estate of the surviving wife, for it is terminated by her deed and removal; and none in that of the deceased, for a life-estate has intervened. Where there is no surviving parent, it may be that the provisions of the act of 1876 and the homestead law may so far stand that the children of a deceased owner might continue to occupy the homestead during their

minority; but we need not consider that question, or the effect of the act of 1889.

Judgment affirmed.