David TORGELSON, Renville County Attorney, Respondent,

v.

REAL PROPERTY KNOWN AS 17138 880TH AVE, RENVILLE COUNTY, Minnesota, Defendant,

Kent Feigum, Appellant,

and

Thomas G. Kramer, Yellow Medicine County Attorney, Respondent,

v.

Property Located at 860 10th Avenue, Granite Falls, Minnesota 56241, (Lot 7, Block Eighteen 18, Lathrop's First Addition to the City of Granite Falls, Yellow Medicine County, Minnesota), Defendant,

Luverne W. Johnson, owner, Appellant.

Nos. A06–1507, A06–1757.

Court of Appeals of Minnesota.

July 10, 2007.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, for respondents David Torgelson and Thomas G. Kramer.

Keith Ray Helgeson, Yellow Medicine County Attorney, Granite Falls, MN, for respondent Thomas G. Kramer.

John E. Mack, Mack & Daby P.A., New London, MN, for appellants Kent Feigum and Luverne W. Johnson.

Considered and decided by KALITOWSKI, Presiding Judge; KLAPHAKE, Judge; and MINGE, Judge.

## OPINION

KALITOWSKI, Judge.

Appellants Kent Feigum and Luverne W. Johnson argue that their homestead property is exempt from forfeiture under Minn.Stat. § 609.5311, subd. 2 (2004), because Minn. Const. art. I, § 12, as implemented by Minn.Stat. § 510.01 (2004), exempts an individual's homestead property from seizure for the payment of any debt or liability.

## FACTS

On March 16, 2006, appellant Kent Feigum admitted to possessing approximately 23 pounds of marijuana on his homestead property and pleaded guilty to a controlled-substance crime in the third degree in violation of Minn.Stat. § 152.023 (2004). Respondent Renville County Attorney then commenced an in rem forfeiture action against appellant's homestead property pursuant to Minn.Stat. § 609.5311, subd. 2. Feigum stipulated that respondent has produced, or would be able to produce, evidence to meet the statutory requirements for forfeiture under Minn.Stat. § 609.5311, subd. 2 (2004), and that none of the limitations on forfeiture under Minn. Stat. § 609.5311, subd. 3 (2004), apply. The parties also stipulated that the property value is less than $200,000, the maximum homestead value under Minn.Stat. § 510.02 (2004).

On February 14, 2006, appellant Luverne W. Johnson pleaded guilty to a charge of controlled-substance crime in the

first degree stemming from a controlled sale of methamphetamine which took place on appellant's homestead property. Respondent Yellow Medicine County Attorney then commenced an in rem forfeiture action against appellant's homestead property pursuant to Minn.Stat. § 609.5311, subd. 2. Appellant Johnson and respondent Yellow Medicine County Attorney agreed at the district court that the property meets the constitutional and statutory definition of homestead property and appellant Johnson did not raise any claims based on the statutory limitations on forfeiture set forth in Minn.Stat. § 609.5311, subd. 3.

In both cases, appellants answered the forfeiture actions, claiming that their homestead property was exempt from forfeiture because Minn. Const. art. I, § 12, as implemented by Minn.Stat. § 510.01, exempts from seizure an individual's homestead property for the payment of any debt or liability. Both district courts ruled that appellants' property was subject to forfeiture. These consolidated appeals follow.

## ISSUE

Does forfeiture of homestead property based on the criminal acts of the property owner violate article I, section 12, of the Minnesota Constitution?

## ANALYSIS

Whether homestead property may be forfeited under the drug forfeiture statute, Minn.Stat. § 609.5311, subd. 2, is an issue of first impression in Minnesota, although the question has been addressed by appellate courts in nine other states.

The states that allow homestead property to be forfeited have provisions that limit their exemptions to obligations stemming from the owner's debt. *See Lot 39, Section C v. Texas*, 85 S.W.3d 429, 431–32 (Tex.App.2002) (holding that homestead property is not exempt from forfeiture under exemption which protects the homestead from "forced sale, for the payment of all debts"); *Colorado v. Allen*, 767 P.2d 798, 800 (Colo.Ct.App.1988) (holding that homestead property is not exempt from forfeiture under exemption which protects the homestead from execution or attachment "arising from any debt, contract, or civil obligation"); *In re 1632 N. Santa Rita*, 166 Ariz. 197, 801 P.2d 432, 437 (1990) (holding that homestead property is not exempt from forfeiture because the homestead exemption is only applicable to forced sales to satisfy the debts of the property owner); *Tellevik v. 6717 100th Street S.W.*, 83 Wash.App. 366, 921 P.2d 1088, 1094 (1996) (holding that homestead property is not exempt from forfeiture under exemption which protects the homestead from "attachment and ... execution or forced sale for the debts of the owner").

In contrast, states which do not allow the forfeiture of homestead property have broader homestead exemptions. *See In re Bly*, 456 N.W.2d 195, 200 (Iowa 1990) (holding that homestead property may not be forfeited under exemption which states "the homestead of every person is exempt from judicial sale"); *Kansas ex rel. Braun v. 918 N. County Line Rd.*, 251 Kan. 685, 840 P.2d 453, 454 (1992) (holding that homestead property may not be forfeited under homestead exemption which states that homestead property "shall be exempted from forced sale under any process of law" (Kan. Const. art. XV, § 9)); *Butterworth v. Caggiano*, 605 So.2d 56, 58–60 (Fla.1992) (holding the forfeiture of homestead property unconstitutional under exemption protecting the homestead from "forced sale under process of any court"); *Oklahoma ex rel. McCoy v. Lot One, Block Seven of Oakhurst Addition*, 831 P.2d 1008, 1009–10 (Okla.App.1992) (holding that homestead property may not be for-

feited based on the criminal acts of the owner under exemption which exempts the homestead from "attachment or execution and every other species of forced sale for the payment of debts"); *Illinois v. 1403 East Parham Street*, 251 Ill.App.3d 198, 190 Ill.Dec. 573, 621 N.E.2d 1026, 1030–31 (1993) (holding that the homestead exemption may not be taken away by the owner's commission of a criminal act under exemption which states that the homestead is "exempt from attachment, judgment, levy or judicial sale for the payment of his or her debts or other purposes").

The relevant language in the Minnesota Constitution provides that:

A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and provided further, that such liability to seizure and sale shall also extend to all real property for any debt to any laborer or servant for labor or service performed.

Minn. Const. art. I, § 12. This provision has been implemented as a homestead exemption by Minn.Stat. § 510.01, which provides:

The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead ... and be exempt from seizure or sale under legal process on account of any debt.

The statute places limitations on the area and value of homestead property, but all parties acknowledge that the properties at issue here fall within the statutory homestead limitations. *See* Minn.Stat. § 510.02.

The drug forfeiture statute provides that:

All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or [an illegal] controlled substance ... is subject to forfeiture under this section, except as provided in subdivision 3.

Minn.Stat. § 609.5311, subd. 2. Neither appellant alleges that any of the statutory exceptions contained in subdivision 3 apply to their property. *See* Minn.Stat. § 609.5311, subd. 3.

A district court's decision whether a statute is constitutional is reviewed de novo. *State v. Rewitzer*, 617 N.W.2d 407, 412 (Minn.2000). Minnesota's forfeiture statutes are to be liberally construed, Minn.Stat. § 609.531, subd. 1a (2006), but the homestead exemption is also subject to liberal construction, *Denzer v. Prendergast*, 267 Minn. 212, 217, 126 N.W.2d 440, 444 (1964).

We presume that Minnesota statutes are constitutional. *State v. Barker*, 705 N.W.2d 768, 771 (Minn.2005). The "power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). We invoke every presumption in favor of constitutionality and exercise our power to declare a statute unconstitutional with extreme caution and only when absolutely necessary. *Walker v. Zuehlke*, 642 N.W.2d 745, 750 (Minn.2002); *Reed v. Bjornson*, 191 Minn. 254, 257, 253 N.W. 102, 104 (1934). Where possible, a reviewing court must interpret a statute to

uphold its constitutionality. *Fedziuk v. Comm'r of Pub. Safety*, 696 N.W.2d 340, 344 (Minn.2005).

"The decisions of [the Minnesota Supreme Court] reflect a disposition to protect the person claiming homestead exemption as against those asserting the right to reach his assets in satisfaction of claims." *Denzer*, 267 Minn. at 216, 126 N.W.2d at 443. The Minnesota Supreme Court has declared that the "overriding policy sought to be served by the homestead exemption" was clearly expressed in the following quote from a 1932 supreme court case in which the homestead owner entered into possession of the homestead in violation of state statute:

> It would not be wholesome to construe the [homestead] statute as conserving lawful homes only. To do so would tend to increase the burdens of the community chest; destroy homes; divide families; and increase the population of our orphan asylums.... [The homestead exemption] does not prescribe personal qualifications touching the moral character of the debtor; and upon principle and reason we see no justification for excluding from its protection the vicious, the criminal, or the immoral.... Our established policy is not restricted to right-thinking or right-acting persons; but sounds in hope for the future both as to the debtor and his children.

*Id.* at 217–18, 126 N.W.2d at 444 (quoting *Ryan v. Colburn*, 185 Minn. 347, 350, 241 N.W. 388, 389 (1932)); *see also In re Johnson*, 207 B.R. 878, 881 n. 6 (Bankr.D.Minn. 1997) ("The Minnesota homestead exemption laws have the underlying objective of preventing the destitution and dependency of families, and of promoting their stability, self-sustenance, and independence over the generations.").

■ Appellants argue that the forfeiture statute cannot be applied to a homestead because allowing homestead property to be forfeited based on the criminal acts of the homestead owner imposes a liability on the owners, and therefore forfeiture of the homestead is a seizure for the payment of a liability, which is prohibited by Minn. Const. art. I, § 12. We agree.

When a homestead owner's criminal acts on homestead property subject such property to forfeiture, the homestead owner is held accountable for his criminal acts and is legally obligated to relinquish possession of the homestead. This accountability and legal obligation creates liability on behalf of the homestead owner. *See Black's Law Dictionary* 932 (8th ed.2004) (defining liability as "[t]he quality or state of being legally obligated or accountable"). Because article I, section 12, prohibits the sale or seizure of homestead property for any debt or liability, it must necessarily prohibit the sale or seizure of a home based on the homestead owner's criminal acts. *See Tuttle v. Strout*, 7 Minn. 465 (1862) (stating that article I, section 12, prohibits the sale or seizure for the payment of "debts or liabilities of every kind or description, without exception"). Because article I, section 12, prohibits the sale or seizure of homestead property for "liabilities of every kind or description without exception" and the forfeiture statute creates a liability by holding the homestead owner accountable for his criminal acts through forfeiture, we conclude that the forfeiture statute cannot constitutionally authorize forfeiture of homestead property in satisfaction of the homestead owner's liability.

Respondents argue that forfeiture is not a seizure or sale for the payment of a liability, because forfeiture is an in rem action against the property itself, and is not based on any personal liability of the property's owner. We disagree.

We agree that the forfeiture of property under the drug forfeiture statute is in rem and proceeds against the property itself and not the owner of the property. *See* Minn.Stat. § 609.5313 (2004). But the analytical foundation of in rem proceedings, the premise that the res itself has violated the law, has long been considered a legal fiction. *See, e.g., Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977) ("The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of the property supports an ancient form without substantial modern justification. Its continued acceptance would serve only to allow state-court jurisdiction that is fundamentally unfair."); *Waterloo Distilling Corp., v. United States,* 282 U.S. 577, 581, 51 S.Ct. 282, 284, 75 L.Ed. 558 (1931) (stating that in an in rem proceeding, "[i]t is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious."); *Riley v.1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002) (stating that in an in rem forfeiture action "[t]he property seized becomes the defendant based on the legal fiction that it is the inanimate object itself, not its possessor or owner, that is guilty of wrongdoing."); Aaron Xavier Fellmeth, *Challenges and Implications of a Systemic Social Effect Theory,* 2006 U. Ill. L.Rev. 691, 732 (2006) ("By depriving the owner of his or her property, in rem actions that are not strictly necessary to end a threat to public health or safety or terminate an ongoing illegality are ineluctably in personam with respect to the owner of the property."); James C. Rehnquist, *Taking Comity Seriously: How to Neutralize the Abstention Doctrine,* 46 Stan. L.Rev. 1049, 1106 (1994) ("[A]fter the fiction of in rem jurisdiction has been drained of any force in the personal jurisdiction context, one can hardly take seriously a rule that can be explained only by recourse to the in rem-in personam distinction." (footnote omitted)).

The policy of the homestead exemption is the protection of the homestead so as to avoid "increas[ing] the burdens of the community chest; destroy[ing] homes; [and] divid[ing] families" and extends to the vicious, criminal, or immoral homestead owner. *Ryan,* 185 Minn. at 350, 241 N.W. at 389. Here, the in rem nature of the proceeding forfeiting the homestead does not mitigate the result sought to be avoided by exempting homestead property from sale or seizure; namely, the destruction of home, the division of family, and increased burdens on the community. Because the policy of the homestead exemption is not served by resort to the legal fiction that the homestead itself has violated the law, we reject respondents' argument.

## DECISION

Minnesota's forfeiture statute, Minn. Stat. § 609.5311, subd. 2 (2004), may not constitutionally be applied to homestead property, as defined by law, because it permits the forfeiture of homestead property in satisfaction of the homestead owner's liability, as proscribed by Minn. Const. art. I, § 12.

**Reversed.**