## RENTCHLER *v.* LAWTON.

CONTRACTS—CONSTRUCTION—HOMESTEAD RIGHTS.

A written contract provided that S., in consideration of the sum of $225, would convey certain lots to L.; that L. should erect a dwelling house upon one of the lots, for which S. would furnish the lumber and do the mason work; and that L. should purchase the lots, and pay for them, and for the labor and material, in the manner thereinafter provided. By a further provision, S. was to deliver to L., when the house should be completed, a statement of labor and materials furnished by him, the full amount whereof should, when agreed upon, with the $225 for the lots, be filled into "the annexed land contract," which should then be executed by the parties. No time for the payment or conveyance was otherwise provided. *Held*, that L. acquired no homestead rights by virtue of his possession under such contract, it amounting merely to an agreement between the parties that, in case certain conditions should be performed, a contract of sale would be made on terms to be agreed upon.

Appeal from Washtenaw; Kinne, J. Submitted April 9, 1897. Decided May 25, 1897.

Bill by Mathias Rentchler against Milton S. Lawton and others to enforce a mechanic's lien. From a decree for complainant, defendants appeal. Affirmed.

*Lawrence & Butterfield*, for complainant.

*Frank E. Jones*, for defendants.

LONG, C. J.   This is a bill to enforce a mechanic's lien. It appears that on the 19th day of January, 1894, the defendant Conrad Schafer was the owner of two lots in the village of Saline.   On that day he entered into a contract in writing with the defendant Lawton.   In the first paragraph of this contract it was agreed that Schafer, in consideration of the sum of $225, would sell and convey to Lawton the two lots mentioned.   No time was set for the payment or the conveyance.   It was further provided in the agreement that Lawton at once, upon the execution thereof, would "enter upon the work of erecting a dwelling house" upon the lots, or one of them, make excavation therefor, and draw, deliver, and furnish the stone to be used in the cellar wall and foundation, also the sand, gravel, and lime, at such times as they would be needed; that he would furnish and deliver all hardware, trimmings for doors and windows, and do all the carpenter work, tin work, and roofing, all the painting, and keep the house insured for the benefit of Schafer.   Schafer was to do the mason work, and furnish the lumber.   It was further agreed that Lawton would purchase the two lots, and pay for the said lands, and all other sums due for labor and material, "in the way and manner hereinafter provided for and agreed upon."   It was then agreed that, when the house should be completed, Schafer should deliver to Lawton a statement of all labor and material furnished by him, and that the full amount thereof, when agreed upon, with the $225 for the lots, should "be filled into the annexed land contract, which shall at that time, and after the said amount shall be filled in, be executed and acknowledged in duplicate by the parties hereto."

This agreement was signed by Schafer and Lawton, and a land contract for the sale of said lots, with the amount of the money consideration left blank, was drawn up and attached, but never executed. There is nothing in the record to show that the complainant ever saw this contract, or knew of its provisions. He was told by Lawton that he had bought the lots, and complainant made an agreement with Lawton to do the carpenter work in connection with the house for $150. He began the work on the 5th day of April, 1894, and finished it October 3d following, also performing $20 worth of extra work, which has been fully paid for, as has also about $5 on the contract price, leaving $145 now due. Defendant Lawton, with his wife, moved into the house in July, 1894, and remained there until some time in the following February, at which time he moved away, and left Saline, and has surrendered all his rights under the contract with Schafer. The defendant Schafer then moved into the house, and resided there at the time of the hearing, having sold the other lot for $100. The market value of the house and lot as they now stand is $1,000. Complainant brought suit to recover his pay for the carpenter work done on the house. The court entered decree in favor of complainant for the amount claimed,—$145. Defendants appeal.

The defendants' contention is that the property is the homestead of defendant Lawton and wife, or was at the time the lien attached, and that, the contract not being in writing, and signed by the wife, the lien cannot be enforced. This contention cannot be sustained. The Lawtons never had any such interest in the property that a homestead interest could be based upon it. The contract made with Schafer was an agreement simply that, when certain conditions were performed, a contract would be made upon terms to be agreed upon. No further discussion is necessary.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.