PERFECT CLEANERS & DYERS *v.* KIRSCHBAUM.

1. Witnesses—Evidence—Matters Equally Within Knowledge of Deceased—Corporations.

Corporation's bookkeeper, acting in clerical capacity at stockholders' meeting, and attorney representing corporation at said meeting, are incompetent to testify to oral agreement with stockholder in support of corporation's claim against deceased stockholder's estate, where agreement had to do with general

welfare and management of corporation's business, since said testimony is prohibited under 3 Comp. Laws 1929, § 14219, as pertaining to matters equally within knowledge of deceased.

2. SPECIFIC PERFORMANCE—EVIDENCE—SUFFICIENCY.

In suit by corporation against administrator of deceased stockholder's estate for specific performance of alleged oral contract to surrender corporate stock for life insurance paid for by corporation, evidence *held,* insufficient to establish contract.

Appeal from Wayne; Simpson (John), J., presiding. Submitted January 22, 1932. (Docket No. 21, Calendar No. 36,099). Decided March 2, 1932.

Bill by Perfect Cleaners & Dyers, Inc., a Michigan corporation, and others against Max Kirschbaum, administrator of the estate of Abraham B. Kirschbaum, deceased, for specific performance of an alleged contract. Bill dismissed. Plaintiffs' appeal. Affirmed.

*Wm. Henry Gallagher,* for plaintiffs.

*Butzel, Levin & Winston (Morris W. Stein,* of counsel), for defendant.

NORTH, J. This is a bill for specific performance. The relief sought was denied by the circuit judge on the ground that there was no competent evidence to sustain the essential allegations of the bill of complaint. Plaintiffs have appealed.

In 1926 six men engaged in the cleaning and dyeing business in Detroit as the Perfect Cleaners & Dyers, Inc. Each party interested invested $4,000, and each was active as an employee in the corporation's business. By the death of one of these men within a very few months the question was presented as to how the company could arrange financially to repossess itself of the stock of a deceased member.

In adopting a plan, consideration was given to providing the family of a deceased member with substantial financial assistance in lieu of the surrendered stock. Plaintiffs allege it was finally agreed that a $10,000 policy should be taken out on the life of each of the five surviving members, the policy to be payable to a beneficiary or beneficiaries named by the insured, and that upon the death of the insured and the payment of the insurance all the stock of the deceased in the Perfect Cleaners & Dyers, Inc., should be transferred back to the corporation. Incident to this plan, an attorney prepared several copies of an agreement, one of which was to be signed by each of the five survivors. The first plan was to have the insurance payable to the corporation, and evidently the agreement prepared by the attorney was intended to conform to this plan. It recited that the company was to insure each of the surviving members for $10,000, but, upon the death of any one or more of them within one year from the date of the agreement, the company was to pay $12,500 "to the heirs, executors or administrators of said party for his shares of common stock of the corporation." It also authorized and directed the executor or administrator of the estate of the deceased member to transfer his stock to the corporation. The contracts so prepared were not signed by any of the parties; and the relief sought by the plaintiffs in this case is wholly based upon an alleged oral agreement as first above outlined. In accordance with the plan, $10,000 insurance was taken on the life of each of the members of the company and the premiums paid by it. Within a year one of the members, Abraham B. Kirschbaum, died. The insurance was paid, but the administrator of his estate refused to transfer to the corporation the 40

shares of stock standing in the name of his decedent. The corporation and the surviving members brought this bill for specific performance.

Before suit one of the original six members had sold out his interest in the corporation. The witnesses who testified in behalf of plaintiffs were the three remaining members of the corporation, and the former stockholder, Louis E. Smith, the bookkeeper of the corporation, its attorney, and the agent through whom the insurance was obtained, Marc Goldberg. The testimony of each, in so far as it pertained to the alleged contract, was taken over defendant's objection that it was equally within the knowledge of the deceased, and therefore inadmissible. 3 Comp. Laws 1929, § 14219. The circuit judge was of the opinion that this was true of each of the witnesses except the insurance agent; and the judge held that the testimony of the insurance agent was not sufficient to establish the alleged oral agreement, and that there was no other competent testimony in the record which sustained plaintiffs' claim. As noted above, specific performance was denied.

It seems clear that, because of the statutory prohibition, neither the former member of the corporation nor any of the three remaining members were competent to testify on the controlling issue. However, it is urged in behalf of appellants that the statutory disqualification does not include the corporation's bookkeeper or its attorney. The point is made that the testimony of an agent or employee is not excluded by the statute unless the matter sought to be proven is something within the scope of the authority of such agent or employee. In support of this contention, appellants cite and rely upon *Brennan* v. *Railroad Co.*, 93 Mich. 156, and other decisions of like purport. The difficulty with this con-

tention is that taking out this insurance had to do with the general welfare and management of the corporation's business; and we think the knowledge of the bookkeeper acquired by being present and acting in a clerical capacity at the meetings of the members of this company must be held to have been so acquired within the scope of his employment; and certainly it must be held that the attorney who represented the corporation relative to this very transaction is within the prohibition of the statute.

The only remaining witness who testified relative to the alleged insurance contract was the agent who represented the company which issued the policies. A careful review of his testimony convinces us that it is not sufficient to establish the contract upon which appellants rely. Whatever agreement the parties may have contemplated was not consummated in the presence of this witness; but instead, according to his testimony, the contract was to be prepared later by the corporation's attorney. For reasons not disclosed by competent testimony the papers prepared by the attorney were never executed. If the minds of the parties concerned met upon the essential terms of the contemplated arrangement, that fact is not disclosed by the testimony of the insurance agent. The decree is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, and Wiest, JJ., concurred. Butzel, J., did not sit.