KELSO *v.* COBURN.

1. WITNESSES—PARTNERSHIP—DEATH—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

The testimony of surviving partner as to matters equally within knowledge of deceased partner is barred in suit between them for an accounting (CL 1948, § 617.65).

2. PARTNERSHIP—ACCOUNTING—FINDING OF COURT—PARTNERSHIP—OTHER BUSINESS INTERESTS.

Finding of trial court in suit for accounting between partners that 2 wrecking businesses and a contracting business were parts of lumber business for which partnership was formed *held,* proper.

3. SAME—FINDING OF COURT—INTEREST IN OTHER PARTNERSHIPS.

Determination of trial court in suit for accounting that plaintiff surviving partner had no interest in a sales company, a partnership organized by deceased partner and 3 relatives, nor in other business transactions of the deceased partner *held,* fully justified by record.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 7] 58 Am Jur, Witnesses § 338.
[5] 40 Am Jur, Partnership §§ 89 *et seq.,* 97 *et seq.*
[9] 21 Am Jur, Executions § 188 *et seq.*
[10, 11] 3 Am Jur, Appeal and Error §§ 765–767.

4. SAME—VENDEE INTEREST IN LAND CONTRACT—EVIDENCE.
    Finding of court that vendee interest in land contract be-
    longed to partnership rather than surviving partner alone
    *held,* supported by proofs, including testimony that such
    interest was carried as an asset of the partnership and
    the unpaid balance as a liability and that payments on
    the contract were made by the partnership.

5. SAME—VENDOR INTERESTS IN LAND CONTRACTS—EVIDENCE.
    Vendor interests in land contracts were properly found not
    to be assets of partnership in suit for accounting between
    partners, where it does not appear that partnership assets
    were used in acquiring such interests nor that the deceased
    partner and his wife executed the contracts for and on behalf
    of the partnership or in connection with its business.

6. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
    —AGENT OF SURVIVING PARTNER.
    Conclusion of court that one of the defendants in suit for an
    accounting had been an agent of plaintiff and that he was
    in fact an agent of plaintiff, thus not competent as a wit-
    ness as to matters equally within knowledge of partner
    who died prior to trial, *held,* supported by the record (CL
    1948, § 617.65).

7. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—
    WAIVER OF RIGHT TO OBJECT—QUESTIONS TO DETERMINE STATUS.
    Counsel for defendants in suit for accounting between part-
    ners did not waive the right to object to testimony of a
    witness as relating to matters equally within the knowledge
    of a deceased partner by the asking of questions to deter-
    mine the status of such witness, also a defendant, in his
    dealings with the parties, and between them, where de-
    fendants claimed such witness was an agent of plaintiff
    and plaintiff that he supervised to some extent the accounts
    of the partnership (CL 1948, § 617.65).

8. ACCOUNTING—PARTNERSHIP—EQUITY—EVIDENCE.
    Decree entered by trial court in suit for accounting between
    partners *held,* not unfair to appellant plaintiff nor inequi-
    table on the basis of facts established by competent proofs,
    where books of account and other data were unsatisfactory
    for purposes of audit.

9. EXECUTION—OMISSION TO GIVE NOTICE OF SALE—EFFECT.
    The omission by an officer to give notice of execution sale re-
    quired does not affect validity of such sale, if made to a

purchaser in good faith and without notice of the omission (CL 1948, §§ 623.85, 623.90).

10. APPEAL AND ERROR—PREJUDICE—NONCOMPLIANCE WITH STATUTE AS TO POSTING NOTICE OF SALE OF REALTY UNDER COURT ORDER.

Failure of officer to comply with statute as to posting of notices of sale of real property in 3 public places in township where premises were situated, pursuant to order of court to receiver in suit for accounting between partners, will not be assumed to have come to knowledge of purchaser at the sale and where such purchaser is not shown to have had notice of such omission and plaintiff fails to show in what way he has been prejudiced, such sale is not disturbed (CL 1948, §§ 623.85, 623.90).

11. SAME—QUESTIONS REVIEWABLE—STATEMENT OF REASONS AND GROUNDS FOR APPEAL.

Whether or not trial court was in error in excluding testimony of a defendant as incompetent because equally within knowledge of deceased partner of plaintiff-appellant is not passed upon by Supreme Court on appeal, where such matter is not referred to in appellant's statement of reasons and grounds for appeal (CL 1948, § 617.65).

12. COSTS—BRIEFS.

Costs are allowed only such appellees as have filed briefs on appeal, where decree is affirmed.

Appeal from Wayne; Murphy (George B.), J. Submitted April 16, 1952. (Docket No. 40, Calendar No. 45,138.) Decided June 2, 1952. Rehearing denied September 3, 1952.

Bill by Joseph R. Kelso against Milan D. Coburn and others to terminate partnership interest, appointment of receiver and accounting. Cross bill by defendants Coburn against plaintiff and another for same relief. Decree terminating partnership and fixing amounts due parties and partnership. Plaintiff appeals. Affirmed.

*Daniel P. Cassidy,* for plaintiff.

*Fildew, De Gree & Fleming,* for defendants Coburn.

CARR, J. On or about January 1, 1941, the plaintiff and Milan D. Coburn formed a partnership to carry on business under the name of Reliable Lumber Company. Said business consisted of the purchase and sale of new and used lumber and other building materials, and eventually was extended to include the salvaging of old buildings and the sale of materials obtained therefrom. The parties operated under the name indicated until 1946, when difficulties arose between them.

Under date of May 8, 1946, plaintiff Kelso filed suit in the circuit court of Wayne county in equity for an accounting of partnership dealings and transactions between himself and Coburn. The appointment of a receiver of the business was asked, together with incidental injunctive relief. The bill charged that Coburn acted as office manager of the business and that as such he failed to keep complete and accurate records of business transactions, and without the knowledge or consent of plaintiff caused assets of the copartnership to be placed in the names of others, particularly his wife and daughter. It was alleged that Coburn had improperly withdrawn assets of the partnership without paying therefor and without keeping a record of such transactions. The defendants named in the bill of complaint, other than Milan D. Coburn, were joined on the theory that they might, because of the manner in which the business had been conducted, claim some interest in the partnership assets, or that they had in their possession or under their control money or property belonging to the partnership.

Milan D. Coburn filed answer to the bill of complaint, in which defendants Laurel M. Coburn and Doris E. Coburn joined, denying the allegations of wrongful conduct made by plaintiff. A cross bill was filed by said parties in which Kelso was charged with having made withdrawals from partnership

funds in excess of the amounts received therefrom by Coburn, that Kelso had exercised poor judgment in conducting partnership business, and that he had withdrawn assets for his personal use for which he had not accounted. The cross bill also alleged that cross-plaintiffs had sought from Kelso and his agent, Clarence M. Elwert, a complete disclosure of their transactions in connection with the business, that the requests had been refused, and that plaintiff had withdrawn from the business substantially all the interest that he had in the assets. Cross-plaintiffs sought an accounting from the plaintiff and cross-defendant, the appointment of a receiver, a dissolution of the partnership, and injunctive relief against the removal of partnership assets or records, and the collection or concealment of accounts due to the partnership, by plaintiff or his agent Elwert. Answers to the bills of complaint were duly filed and also pleadings on behalf of the other parties named as defendants in plaintiff's bill of complaint. Specific consideration thereof is not required in the determination of the material issues involved in the controversy.

The record before this Court contains a stipulation entered into by and between counsel for plaintiff Kelso and counsel appearing for defendants Coburn, from which it appears that Milan D. Coburn died January 6, 1947, and that his daughter Doris E. Coburn, as administratrix of his estate, was substituted for him in the litigation. On May 17, 1946, C. Upton Shreve was appointed receiver of the assets of Reliable Lumber Company, and also of assets and books of account of other organizations referred to as Reliable Sales Company, Reliable Construction Company, Reliable Wrecking Company, and Reliable Contracting Company, which are claimed to have functioned in connection with, and as a part of, the business of Reliable Lumber Com-

pany. It further appears that the court on May 28, 1947, appointed a certified public accountant to make an audit of the books and records of the businesses involved in the litigation and to submit such audit to the receiver. It is stipulated that by order of the court dated February 11, 1949, certain preferred claims of the Michigan unemployment compensation commission were allowed and directed to be paid out of receivership funds.

The trial of the case was begun in circuit court on December 9, 1947. Because of the death of Milan D. Coburn prior thereto, the testimony of plaintiff Kelso as to matters equally within the knowledge of the deceased was barred under the provisions of the statute (CL 1948, § 617.65 [Stat Ann § 27.914]). The testimony of defendant Clarence M. Elwert, which plaintiff sought to introduce, was excluded on the ground that he was an agent of the plaintiff in the dealings between the latter and Milan D. Coburn, and that the statute, above cited, rendered his testimony incompetent. After listening to the proofs and arguments of the parties, the trial judge entered a decree determining the issues involved, specifically finding that there was no basis for plaintiff's claim that Milan D. Coburn had fraudulently appropriated partnership property to his own use, and that defendant Clarence M. Elwert had, in transactions material to the controversy, acted as agent for the plaintiff. The court further found that plaintiff was indebted to the partnership in the sum of $242.32 and that the estate of Milan D. Coburn was entitled to a credit in the sum of $24,639.19.

The determination as to the financial situation included a specific finding that the accounts of the organization known as Reliable Wrecking Company, which was evidenced by an assumed name certificate filed January 20, 1942, in the office of the county clerk of Macomb county, had been merged with and

included in the records of the partnership, and the accounting was made on that basis. It was also decreed that Reliable Lumber Company was entitled to ¼ of the profits of Reliable Contracting Company, but that the proofs failed to establish that the operation of that organization had resulted in profits. The trial court further found that Reliable Lumber Company was entitled to a like portion of the profits of the copartnership ostensibly formed between Milan D. Coburn and defendant Maurice Melnick in October, 1944, referred to in the record as the "second" Reliable Wrecking Company. Dissolution of Reliable Lumber Company, and also of the first partnership known as Reliable Wrecking Company, was ordered, and the interest of defendant Sidney McNeil was decreed to be that of a creditor of Reliable Lumber Company. Plaintiff has appealed from the decree, asserting that the findings of the trial judge are not in accordance with the proofs.

Due to the death of Milan D. Coburn and the consequent inability of the plaintiff to testify concerning the transactions between the partners, definite proof on numerous matters in controversy on the trial was impossible. Apparently some records of the business had been kept under the supervision of defendant Elwert, but the testimony of the auditor appointed by the order of the court, as well as the testimony of another auditor who made an examination of such records, indicates that they were incomplete and otherwise not in a satisfactory condition. The testimony further indicates that Coburn kept some records with which Elwert was not familiar. The proofs are lacking in desirable clarity and certainty.

It clearly appears that plaintiff was not precluded by the partnership agreement from carrying on other business activities in which Coburn had no interest. The latter was entitled to like privileges.

Each acted accordingly. There had been prior business dealings between them not entirely of a friendly nature, but apparently they concluded they could operate without the formality of a written contract. The formation of Reliable Wrecking Company, as evidenced by certificate filed January 20, 1942, which was signed by defendants McNeil and Elwert, likewise rested on a verbal understanding. Apparently neither Milan D. Coburn nor plaintiff Kelso desired his name to appear on the record as a partner. It is a fair inference that the business of Reliable Lumber Company, as actually conducted, included a wrecking business, and it may be assumed that the second partnership was thought expedient for the purposes of the wrecking and salvaging operations. The trial court properly found that it was in practical effect a part of Reliable Lumber Company, and that the profits of its business should be treated accordingly. The further conclusion that $\frac{1}{4}$ of the profits of Reliable Contracting Company and of the second Reliable Wrecking Company formed in 1944, the certificate of copartnership being signed by Milan D. Coburn and defendant Melnick, should be credited to Reliable Lumber Company was based on an admission in the pleadings filed by defendants Coburn indicating that such an agreement had been made.

Reliable Sales Company was formed in April, 1941, the certificate of conducting business under an assumed name being signed by defendants Laurel M. Coburn and Doris E. Coburn, and also by C. C. Coburn. Plaintiff insists that its business was included within the scope of the operations of Reliable Lumber Company, and that its profits and assets should be treated accordingly. The record indicates that such partnership was formed for the purpose of handling bank deposits of Reliable Lumber Company and also such deposits belonging to Milan D. Coburn. It is claimed by defendants Co-

burn that the accounts were kept separately, and that any deposits made for purposes of convenience in the individual account of Milan D. Coburn were immediately thereafter transferred to the partnership account in a Mt. Clemens bank. There is no showing that funds of the partnership known as Reliable Lumber Company were appropriated by Coburn, or that Reliable Sales Company, or any of the ostensible members thereof, has, or have, assets belonging to Reliable Lumber Company. We are in accord with the conclusion of the trial court that plaintiff has no interest in Reliable Sales Company. We think that the conclusions reached, as evidenced by the provisions of the decree, with reference to the connection between Reliable Lumber Company and other business transactions to which Milan D. Coburn was a party, are fully justified by the record. The determination of the matters at issue rests wholly on the proofs introduced by the parties on the trial.

The business of Reliable Lumber Company was transacted at a yard located at 24155 Schoenherr road, East Detroit. Prior to the formation of the partnership on January 1, 1941, plaintiff was a vendee under a contract for the purchase of the land from the owner of the record title. Apparently there had been some prior litigation with reference to the property, but it does not appear that such fact has any materiality in the present controversy. It is claimed by defendants Coburn that when the partnership was formed the vendee's interest of Kelso was turned over to the partnership as a part of his contribution thereto. The proofs disclose that the property was carried as an asset of the partnership and that the amount of the unpaid balance on the contract was treated as a liability. Payments on said contract were made by the partnership. Notwithstanding such facts Kelso claimed before the trial court, and asserts on this appeal, that he con-

tinued to be the owner of the vendee's interest and, hence, was entitled to have the land treated accordingly. The trial court determined otherwise, concluding from the proofs that it was the intention of the copartners that the vendee's interest under the contract should become a partnership asset and should be handled thenceforth as such. The proofs are in accord with such determination. Under the facts appellant is not entitled to claim the property.

Complaint is also made by appellant because the trial court found that the vendors' interest under certain land contracts, executed by Milan D. Coburn and his wife, should not be regarded as assets of Reliable Lumber Company but, rather, should be assigned to Mrs. Coburn as survivor. There is no evidence in the record before us tending to establish that partnership funds were used in connection with acquiring such property interests, or that the contracts were executed by Mr. and Mrs. Coburn for and on behalf of the partnership, or in connection with its business. Under the situation presented, appellant is not in position to complain that the trial court erred in dealing with such property interests in the manner indicated.

As before noted, plaintiff called defendant Elwert as a witness in his behalf. After certain preliminary questions the trial court came to the conclusion that Elwert was in fact the agent of plaintiff in dealings between the latter and Milan D. Coburn, and that, in consequence, he was not a competent witness as to matters equally within the knowledge of the deceased. There had been business associations between Elwert and appellant prior to the partnership arrangement between Kelso and Coburn. It is significant in this connection that neither of the partners signed the certificate of assumed name filed at the outset of the operations of Reliable Lumber Company. It was, in fact, executed by Elwert, Mrs. Coburn, and

Walter T. Welch. It seems to be conceded that
Welch had no interest in the matter, and likewise that
neither Elwert nor Mrs. Coburn were parties to the
partnership arrangement. It is suggested that nei-
ther partner wished his name to appear for reasons
concerning his financial situation. In any event, it
clearly appears that Mrs. Coburn was acting for her
husband and that Elwert was acting for Kelso. It
is further in evidence that for the first 2 years fol-
lowing the formation of Reliable Lumber Company
Elwert made an income tax return to the Federal
government in which he listed as his own income
Kelso's receipts from the business and paid a tax
accordingly. This would suggest a rather close and
confidential relation between Kelso and Elwert. The
latter claimed he was reimbursed subsequently by
the partnership. If so, it may be assumed that such
payments were charged to Kelso's account.

While Elwert contended that he supervised to
some extent at least the accounts of the partnership,
it is a fair inference, since Coburn kept records of
his own, that actually Elwert was acting for plain-
tiff. The situation suggested by the record was not
one in which the partners appear to have evinced
confidence in one another. It is apparent also from
the questions propounded by the court to Elwert
that the latter remained in the courtroom during the
trial and manifested an attitude of loyalty to plain-
tiff. It cannot be said that the conclusion of the court
with reference to the matter of agency is not sup-
ported by the record.

The further contention by appellant that defend-
ants Coburn waived the right to object to Elwert's
testimony because of the questions asked by counsel
is without merit. The purpose of such questions
was obviously to determine the status of Elwert in
his dealings with the parties, and between them.
The trial court was not in error in holding that El-

wert was precluded by the statute from testifying to matters concerning the dealings between the partners and equally within the knowledge of Coburn. *Perfect Cleaners & Dyers* v. *Kirschbaum*, 257 Mich 430.

While the auditors, above referred to, were not in accord in all respects in their conclusions from such records as were available to them, it is somewhat significant that the final results reached were similar. Each testified as to the unsatisfactory nature of the books of account and other data relied on in the attempt to prepare a satisfactory audit. The trial court determined the respective accounts of the copartners from such proofs as were presented. Appellant questions such determination, but we are impressed that the objections raised are not supported by the evidence introduced on the trial. We do not think it can be said that the decree entered is shown to be unfair to plaintiff or inequitable on the basis of the facts established by competent proof.

The trial court, by order entered in the proceeding, directed the receiver to sell real estate constituting an asset of the receivership. The stipulation of counsel for the parties, hereinbefore referred to, sets forth that the notice of sale was duly published in the Detroit Legal News for a period of 7 successive weeks. It was also published in the Daily Monitor Leader, a newspaper published and circulated in Macomb county, for 6 successive weeks beginning on May 6, 1949, and ending on June 17, 1949. Three notices of the sale were posted in Wayne county in public and conspicuous places, and 4 in Macomb county. One of the last named notices was placed at the southerly entrance of the county building in Mt. Clemens, 1 on a box outside the sheriff's office, 1 on the office building at 24155 Schoenherr road, in East Detroit, and 1 on the lumber yard in East Detroit. It is the claim of appellant that such

posting did not comply with the applicable statute (CL 1948, § 623.85 [Stat Ann § 27.1584]) because of the failure to post notices in 3 public places in the township in which the premises were situated. It is also asserted that the decree was enrolled prior to the expiration of the time within which plaintiff could appeal or ask for a rehearing, and, therefore, that the order of the trial court confirming the sale was fatally defective.

With reference to such objections it may be noted that under CL 1948, § 623.90 (Stat Ann § 27.1589) the omission by an officer to give the notice of sale required does not affect the validity of such sale if made to a purchaser in good faith and without notice of the omission. In the instant case there is no showing that the purchaser of the property at the receiver's sale had notice of the omission to post notices in 3 public places in the township where the premises were situated, nor may such knowledge be assumed. Furthermore, there is no claim that plaintiff was in any way injured or aggrieved by the proceeding that he now undertakes to attack. If he has been prejudiced in any way this record fails to show it. Under the circumstances we do not think that he is in position to seek relief in this equitable proceeding. *Solomon* v. *Neubrecht,* 300 Mich 177.

Other matters referred to by counsel in their oral arguments and briefs, incidental to the issues above considered, do not require specific discussion. They are controlled by the conclusions above stated. Appellant's further objection that the court was in error in excluding the testimony of defendant Melnick, on the ground that it was incompetent because equally within the knowledge of Milan D. Coburn in his lifetime, is not referred to in appellant's statement of reasons and grounds for appeal. It is, therefore, unnecessary to pass on the question.

We are in accord with the disposition of the case made by the trial court. The decree is affirmed. Appellees Coburn, being the only defendants who have filed briefs in the case, may have costs.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.