PRATT v. VALLIQUETTE.

1. CORPORATIONS—MORTGAGES—STATUTES—CREDITORS.

A mortgage given by a corporation without express statutory authority, to secure payment of individual debts of its officers ·or stockholders, is 'not enforceable against the rights of creditors.

2. SAME—CHATTEL MORTGAGES—ULTRA VIRES.

A corporate chattel mortgage, given to secure the obligation of its individual stockholder, is *ultra vires* and void.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CORPORATE CHATTEL MORTGAGES.

It is unnecessary to discuss whether or not chattel mortgage was void, either in whole or in part, under the bulk mortgage act, where the mortgage was *ultra vires* and void *ab initio* in its entirety (CL 1948, § 442.51 *et seq.*).

4. PARTIES — CHATTEL MORTGAGES — CORPORATIONS — TRUSTEE IN BANKRUPTCY.

The trustee in bankruptcy of a corporation was the proper party to bring suit for restoration of possession of property of which defendants had taken possession pursuant to ·void chattel mortgage which had been executed by the corporation.

Appeal from Wayne; Smith (Raymond L.), J., presiding. Submitted October 9, 1953. (Docket No. 46, Calendar No. 45,887.) Decided December 29, 1953.

Bill by Harry C. Pratt, trustee in bankruptcy of Robert Simmons Company, a Michigan corporation,

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 13 Am Jur, Corporations § 833.
[1–3] Validity of obligation given by corporation for a personal debt of officer or stockholder. 47 ALR 78.·
[4] 6 Am Jur (Rev Ed), Bankruptcy §§ 638, 869.

against Octave M. Valliquette and wife to have chattel mortgage declared null and void. Decree for plaintiff. Defendants appeal. Affirmed.

*Arthur H. Rice* (*Arthur M. Schueler,* of counsel), for plaintiff.

*Dunbar Davis,* for defendants.

BOYLES, J. Plaintiff is the trustee in bankruptcy of the assets of the Robert Simmons Company, a bankrupt corporation. Prior to January 3, 1950, the defendants owned half of the capital stock of the corporation and Robert Simmons owned the other half. At that time and prior to the adjudication in bankruptcy Robert Simmons bought the defendants' stock for $10,000, by paying $5,000 cash and giving the defendants a chattel mortgage on the merchandise and fixtures of the corporation, which was carrying on a general retail business. The chattel mortgage was signed by Robert Simmons as president and by his wife as secretary of the corporation.

The chattel mortgage remains unpaid. A few days prior to the adjudication in bankruptcy in 1952 the defendants, relying on a provision in the mortgage, took possession of certain merchandise and fixtures belonging to the corporation. The plaintiff, as trustee of the bankrupt estate, filed the instant bill of complaint in chancery to compel a return of the property and for a decree determining the chattel mortgage to be *ultra vires* and void. The trial judge held that the mortgage was void *ab initio* and decreed a return of the property. The defendants appeal.

The chattel mortgage was given to secure the personal debt of Robert Simmons. He purchased the stock for himself. The corporation was not involved in the transaction, and it is not claimed that the corporation received a benefit.

A mortgage given by a corporation without express statutory authority, to secure payment of individual debts of its officers or stockholders, is not enforceable against the rights of creditors. 13 Am Jur, Corporations, § 833. The instant situation is analogous to the giving of a corporate note for the obligation of an individual stockholder. Such acts are *ultra vires* and void. *McLellan* v. *Detroit File Works,* 56 Mich 579; *Merchants' National Bank of Chicago* v. *Detroit Knitting & Corset Works,* 68 Mich 620, 624.

Appellants' brief argues that the chattel mortgage should be held void only to a limited extent, relying on their interpretation of certain provisions in the bulk mortgage act.* At the same time, appellants concede that the mortgage "was not subject to the bulk mortgage act and hence compliance therewith was unnecessary." In view of our conclusion that the mortgage was *ultra vires* and void *ab initio* in its entirety, it is not necessary to discuss whether or not it was also void, either in whole or in part, under the bulk mortgage act.

The trustee is the proper party to bring the instant suit. The decree of the trial court is affirmed solely on the ground on which it was based, namely, that the mortgage ostensibly given by the corporation to secure the personal obligation of its president was *ultra vires* and void. Costs to appellee.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

---

* PA 1929, No 200, as amended by PA 1931, No 198 (CL 1948, § 442.51 *et seq.* [Stat Ann § 19.371 *et seq.*]).