## CROSS *v.* FRUEHAUF TRAILER COMPANY.

1. JUDGMENT—DEED IN FRAUD OF CREDITORS—HOMESTEAD EXEMPTION.

    Finding of court that deed given by plaintiff, a judgment debtor, to his widowed mother of home which she had theretofore deeded to him in return for his promise to provide a home for her therein for her lifetime was in fraud of his creditors and void, did not determine that such plaintiff was not thereafter entitled to homestead exemption therein from sale on execution (Const 1908, art 14, § 2, as amended in 1943).

2. HOMESTEAD—OWNERSHIP AND OCCUPANCY.

    Occupancy of premises by mother who had deeded the place to her son but reserved a life use thereof with simultaneous agreement on his part to maintain and support her gave her the exclusive possession so long as she lived and did not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraudulent Conveyances §§ 229, 230.
[2] 26 Am Jur, Homestead §§ 75, 79.
[3, 4, 6] 26 Am Jur, Homestead § 61.
    Estate or interest in real property to which homestead claim may attach. 89 ALR 511.
[5] 26 Am Jur, Homestead § 13.
[9] 44 Am Jur, Quieting Title and Determination of Adverse Claims § 54.

entitle him to possession or a sharing of possession as a legal right,.hence, the premises were not "owned and occupied" by him as the term is used in homestead exemption provision of Constitution (Const 1908, art 14, § 2, as amended in 1943).

3. SAME—FUTURE INTERESTS.

A claim of homestead may not attach to either vested or contingent future estates or interests in land, since it is not susceptible of immediate occupancy (Const 1908, art 14, § 2, as amended in 1943).

4. SAME—REMAINDERMAN—OCCUPANCY WITH PERMISSION.

A homestead may not be claimed in premises by a remainderman, even one who occupies the premises during the life of the life tenant by the latter's permission (Const 1908, art 14, § 2, as amended in 1943).

5. SAME—EXEMPTION FROM EXECUTION—TIME.

Whether real estate is exempt as a homestead from sale on execution must be determined as of the time of the levy rather than at the time of the sale (Const 1908, art 14, § 2, as amended in 1943).

6. SAME—EXEMPTION—REMAINDERMAN.

Plaintiff, judgment debtor, was not entitled to protection of statutory provisions relating to execution sales of homestead rights, where at time of levy he was merely a remainderman and had not even commenced to occupy premises involved, even with the permission of his mother who had reserved a life use thereof and was in occupancy thereof (CL 1948, §§ 623.83, 623.90, 623.95).

7. SAME—ONE HOMESTEAD AT A TIME.

One may not claim 2 homesteads at the same time.

8. EXECUTION—HOMESTEAD—IRREGULARITIES—NOTICE.

Claimed irregularities in proceedings following levy and resulting in sheriff's deed of premises in which judgment debtor claimed homestead exemption, in that notice of levy was not properly recorded, not served on plaintiff, notice of levy was not properly posted, and no appraisers appointed, held, not to have prejudiced plaintiff nor to have prevented him from insisting on recognition of his homestead rights, if he had such, where it appears he was aware of the levy and subsequent steps (CL 1948, §§ 623.83, 623.90, 623.95).

9. QUIETING TITLE—EXECUTION SALE—IRREGULARITIES.

Title is quieted in the judgment creditor, the purchaser at execution sale, where it does not appear to have had knowledge of

irregularities in proceedings relative to recording, service and posting of notices and failure to appoint appraisers, and plaintiff, the judgment debtor, was not prejudiced by such irregularities, the statutes relative to sale on execution being designed primarily for the protection of third parties who deal in good faith without notice or knowledge of any irregularity or omission (CL 1948, §§ 623.83, 623.90, 623.95).

Appeal from Muskegon; Beers (Henry L.), J. Submitted October 15, 1958. (Docket No. 75, Calendar No. 47,521.) Decided December 2, 1958.

Bill by George H. Cross, trustee in bankruptcy of Frank John Ristau, and Frank John Ristau against Fruehauf Trailer Company, a Michigan corporation, to quiet title to property which was the subject of levy of execution and sale. Cross bill asking similar relief. Decree for plaintiffs. Defendant appeals. Reversed and decree ordered entered quieting title in defendant.

*Smedley & Spaniola,* for plaintiff Cross, trustee.

*Hathaway, Latimer, Clink & Robb,* for plaintiff Ristau.

*Warner, Norcross & Judd,* for defendant.

CARR, J. This case involves the validity of a sheriff's sale, under writ of execution taken out to enforce a judgment, of real estate in the city of Muskegon. The facts are not materially in dispute. In 1940 and prior thereto Bertha Ristau, mother of plaintiff Frank Ristau, was the owner of said property, which is described as lots 11 and 12 of Sauter and Roberts Addition to the city of Muskegon. Mrs. Ristau, who was a widow, lived on the premises in question. Under date of October 31, 1940, she conveyed the property to her son by quit-

claim deed which contained a clause reserving to her "the possession and use, rents and profits of said land for and during the term of her natural life." On the same day that the deed was executed the parties thereto entered into a written agreement referring to the conveyance and imposing on the grantee therein the obligation to maintain and support his mother, such duty being in terms modified by the phrase "so long as it is agreeable to both parties to live in the same home."

In November, 1952, the defendant Fruehauf Trailer Company obtained a judgment in the circuit court for Kent county against Frank Ristau in the sum of $2,750. On January 14th following, writ of execution on the judgment was issued, directed to the sheriff of Muskegon county and requiring levy to be made on the described premises. It is the claim of defendant that such levy was made and the execution returned and filed in the office of the register of deeds of the county. Subsequently notation was made on the abstract of title indicating a judgment lien. In August, 1953, notices of sale were posted and published indicating that a sale would be had, in accordance with the claimed levy, on September 30th following. Subsequently the date in the posted notices was altered to provide for sale on October 19, 1953. It is conceded that one of said notices was properly posted within the city of Muskegon, and that the others were in public places outside the limits of said city.

At the time the judgment against him was entered Ristau was living with his family in the city of Holland where he was engaged in a trucking business. He became involved in financial difficulties which resulted in his home in Holland being offered for sale, and the consummation of such sale some time during the summer of 1953. Ristau vacated the Holland home, on or about Labor Day, 1953, and with his

2 sons moved into the home of his mother in Muskegon. On the 1st of October following he executed to his mother a deed purporting to convey to her his interest in the premises as received by him under her prior deed. The execution sale was held on October 19th, approximately 3 weeks after the execution and delivery of said deed by plaintiff Ristau, defendant being the purchaser. Pursuant to the statute the sheriff of the county caused a certificate of sale on levy of execution to be filed in the office of the register of deeds of the county, setting forth that the levy was made on February 5, 1953. The sheriff's deed in the usual form was executed and delivered May 17, 1956.

Plaintiff Ristau's mother died on January 25, 1954. Thereafter the administrator of her estate filed suit in equity in the Muskegon circuit court against Fruehauf Trailer Company and another to set aside the sheriff's sale of the property under the writ of execution issued to enforce the judgment. The action was based primarily on the conveyance by Frank Ristau to his mother under date of October 1, 1953, it being claimed that said deed was executed because of the failure of Ristau to properly support and maintain his mother in accordance with the agreement between them. On appeal from a decree in favor of the plaintiff administrator this Court concluded, as appears from the opinion in *Farmer v. Fruehauf Trailer Company*, 345 Mich 592, that the deed given by Ristau to his mother was in fraud of creditors and, therefore, void. A decree was entered dismissing the bill of complaint on the ground that Mrs. Ristau did not acquire her son's interest and that her estate did not own the property. The opinion of the Court further indicated that other questions raised in the pleadings and argument by counsel in their briefs did not require consideration.

Shortly after the death of his mother in January,

1954, Frank Ristau filed a petition in bankruptcy, and the usual order was entered in the proceedings. He and the duly appointed trustee of his estate instituted the present suit in equity to quiet title to the property in question, alleging as the bases for their action that a proper levy had not been made on the property, that the notices of sale and the posting did not comply with the statute, that the postponement of sale was not properly made, and that at the time of sale Ristau was occupying the premises as his home and claiming homestead rights therein. Defendant filed motion to dismiss, alleging that the bill of complaint did not state facts sufficient to constitute a cause of action in equity, and that the questions raised had been adjudicated in the case of *Farmer* v. *Fruehauf Trailer Company, supra.* The motion was denied.

Defendant filed its answer denying the material averments of the bill of complaint and the right of plaintiffs to equitable relief, and further asking by its cross bill that a decree enter in its favor on the ground that it was the owner of the premises by virtue of the levy of the writ of execution, the sale thereunder, and the sheriff's deed executed and delivered pursuant to the statute relating to such sales. Following a hearing the trial court concluded that plaintiff Ristau had homestead rights in the property, that the proceedings taken under the writ of execution and in connection with the subsequent sale of the property by the sheriff did not recognize such rights, and that, in consequence, the sale was void. A decree was entered accordingly, and defendant and cross plaintiff has appealed.

It is contended by counsel for appellant that the decree entered in *Farmer* v. *Fruehauf Trailer Company, supra,* is *res judicata* of the material matters raised in plaintiffs' bill of complaint. As appears from the opinion of the Court in said case the deci-

sion turned on the finding that the deed dated October 1, 1953, from Frank Ristau to his mother was in fraud of creditors and void. The claim that, by necessary implication, the existence of homestead rights on the part of either Mrs. Ristau or her son was denied is not without merit. However, neither of the plaintiffs in the present case were parties of record in the suit brought by the administrator of the estate of Mrs. Ristau. The trustee in bankruptcy, relying in this case on the alleged rights of his coplaintiff, represents creditors entitled to the allowance of claims in that proceeding. 8 CJS, Bankruptcy, § 295, p 1018; *Union Guardian Trust Co.* v. *Detroit Creamery Co.,* 265 Mich 636; *Pratt* v. *Valliquette,* 338 Mich 397. See, also, *Leib* v. *Bostwick,* 256 Mich 277; and *Bacon* v. *City of Detroit,* 282 Mich 150, in each of which certain general principles relating to *res judicata* were indicated. In view of the factual situation in the instant case we are not prepared to say that the claim of plaintiff Ristau that he was entitled to the homestead exemption from sale on execution in the property in question was necessarily determined as against him in *Farmer* v. *Fruehauf Trailer Company, supra.*

On behalf of appellees it is argued that as of the time of the sale of the property by the sheriff Ristau had established a homestead in the property and was, in consequence, entitled to the legal exemption on execution sale. By virtue of the reservation in the deed of conveyance given by Mrs. Ristau to her son in 1940, she occupied the premises in question as her home. That she was entitled to the exclusive possession thereof so long as she lived is not open to question. The deed is conclusive on this point and the collateral agreement between the parties with reference to Ristau's obligation to support his mother did not change the situation in any way. It did not in terms give to the son the right

to live in the home with his mother. The statement above quoted, seeming to imply that the obligation might be contingent, in part at least, on its being agreeable to both parties to live in the same home, did not vest in him the right to insist that it was his mother's duty to allow him and his sons to share her home. His living in the premises, therefore, rested on her consent to his so doing. In other words, he had no legal right entitling him to the possession of the premises, or to share such possession with his mother.

Article 14, § 2, of the Constitution of Michigan (1908), as amended at the April election, 1943, in creating the homestead exemption, refers to property "owned and occupied" by a resident of the State. The nature of the possessory interest that one must have to support a claim of homestead exemption is discussed in 40 CJS, Homesteads, § 80, p 520. In *Rentchler* v. *Lawton,* 113 Mich 14, there was involved a contract providing for the erection of a dwelling house and the conveyance of certain lots to defendant Lawton. In a suit brought by plaintiff Rentchler to enforce a mechanic's lien, defendant Lawton claimed that the property was his homestead and that the contract for the construction of the building not having been in writing and signed by his wife the lien claimed was not enforceable. In discussing the matter, it was said (p 16):

"This contention cannot be sustained. The Lawtons never had any such interest in the property that a homestead interest could be based upon it. The contract made with Schafer was an agreement simply that, when certain conditions were performed, a contract would be made upon terms to be agreed upon. No further discussion is necessary."

Title to the property in question as vested in plaintiff Ristau by his mother's prior conveyance to him

was subject to the reservation in her favor. Such title gave him no right of possession and his living with her was permissive only. In an annotation in 89 ALR 511, 523, it is said:

"With but few exceptions it has been held that a claim of homestead may not attach to either vested or contingent future estates or interests in land. For the reason that land held in remainder is not susceptible of that immediate occupancy which is contemplated by law in order to support a claim of homestead, a homestead may not be claimed therein by the remainderman; and the same rule applies where the remainderman occupies the premises during the life of the life tenant by the latter's permission."

Whether real estate is exempt as a homestead from sale on execution must be determined as of the time of the levy rather than at the time of the sale. In this connection it is of interest to note that in plaintiffs' bill of complaint it is averred that Ristau was occupying the premises as his home "at the time of sale." There is no evidence that he was doing so at the time the levy asserted by defendant was made. In *Bowles* v. *Hoard,* 71 Mich 150, it was held:

"Land not occupied as a homestead is prima facie subject to levy and sale on execution, and its exempt character must be determined upon the facts as they existed when such levy was made." (Syllabus 3.)

In *Malec* v. *Oleszko,* 316 Mich 310, 314, 315, the rule of the *Bowles Case* was recognized, the Court saying:

"We accept and apply the rule as stated in the headnote in *Bowles* v. *Hoard, supra,* and hold that the exempt character of lands sought to be sold in satisfaction of a levy must be determined upon the facts as they existed when such levy was made. Any

other determination would place a premium upon fraud."

See, also, *Noble* v. *McKeith,* 127 Mich 163, 165.

It appears from the record that at the time Ristau filed his petition in bankruptcy, in January, 1954, he did not assert therein any claim of homestead rights in the property in question which he had listed in the schedule of assets. Approximately 6 months later, however, he filed an amendment to his petition, raising the question. At the time of the proceedings in 1953, and for several months after the sale had been held, he did not assert homestead rights, although he had personal knowledge of the purported levy and the notices of the sale. It appears from testimony on the trial of the case that he and his family lived in a home in Holland which was being purchased by him. During the first part of 1953 he continued to live in Holland, his property there being sold at some time during the summer of that year. The following excerpt from his testimony fairly indicates the situation:

"*Q.* As to whether or not you gradually moved your personal belongings and some household equipment to Muskegon during the summer of 1953?

"*A.* Yes. When I finally moved in over Labor Day there was just a small amount of furniture left. Just enough for me to stay there and make a meal, when I would come there overnight.

"*Q.* Did that moving process continue from about the time that your son finished school in Holland in June?

"*A.* Yes.

"*Q.* Have you since lived with your sons in the Muskegon house?

"*A.* Yes, we have lived there continuously."

It further appears from Ristau's testimony that during the spring and summer months of 1953 he was working as a truck driver, staying at his home

in Holland during the week and going to his mother's home week ends. It also appears that during said time his mother came to Holland to look after his home and children there for the greater part of each week. The conclusion cannot be avoided that he did not change his place of residence from Holland to Muskegon for several months after the claimed levy of the writ of execution. On the basis of the evidence in the case, the conclusion cannot be avoided that his homestead rights, if he had such, were in his property in Holland where he lived at the time of such levy. He did not move into the home of his mother for months thereafter. One may not claim 2 homesteads at the same time. *Kleinert* v. *Lefkowitz*, 271 Mich 79. Statutory provisions relating to the protection on execution sales of homestead rights were not applicable in this case insofar as plaintiff Ristau is concerned because he did not have such rights.

This brings us to the question whether there were such defects and irregularities in connection with the levy and subsequent sale as to render the proceedings void and the sheriff's deed to defendant a nullity. It is not questioned that the writ of execution was properly issued from the circuit court of Kent county and was placed in the hands of the sheriff of Muskegon county for levy on the property described therein. On February 5, 1953, approximately 3 weeks after the issuance of said writ, it was filed by a deputy sheriff of Muskegon county in the office of the register of deeds of said county. It is the claim of the plaintiffs that a notice of levy was not recorded, that no return of levy was indorsed on the writ and filed with the Kent county clerk, and that no notice of levy was ever served on Ristau. It is further pointed out, and not denied, that 2 of the 3 notices of sale were posted in Muskegon township rather than in the city of Muskegon. Com-

plaint is further made of the failure to appoint appraisers and to have the homestead rights of Frank Ristau protected. For the reasons above set forth, however, such procedure was not required. It also clearly appears from the record before us, including particularly the testimony of Ristau as a witness on the hearing in circuit court, that he was aware of the making of the levy and of the subsequent steps taken, including the giving of notice of sale and the sale itself. While there were certain omissions and irregularities, it does not appear that Ristau was in any way prejudiced thereby, nor was he prevented from insisting on recognition of his homestead rights, if he had such.

It is obvious that provisions of the statute, on which plaintiffs apparently rely, prescribing requirements to be observed in making levy under a writ of execution to enforce a judgment, and in subsequent proceedings, are designed for the protection of third parties who may deal with the property in good faith without notice or knowledge of any irregularity or omission. Thus CL 1948, § 623.90 (Stat Ann § 27.1589), provides that:

"The omission of any officer to give the notice of sale required in this chapter, or the taking down or defacing any such notice when put up, shall not affect the validity of any sale made to a purchaser in good faith, without notice of such omission, taking down or defacing."

CL 1948, § 623.83 (Stat Ann § 27.1582), declares that a levy by execution on real estate shall not be valid against *bona fide conveyances* made subsequent to the levy until a notice thereof shall be filed by the officer making the levy in the office of the register of deeds of the county where the premises are situated. Significant, also, is CL 1948, § 623.95 (Stat Ann § 27.1594), which declares that the certificate

of sale "shall be prima facie evidence of the facts therein set forth, and of the regularity of the sale and all proceedings in the cause anterior thereto."

In *Kelso* v. *Coburn,* 334 Mich 43, certain irregularities existed with reference to a sale ordered by the court in a receivership proceeding. There, as in the case at bar, the posting of notices did not comply with the statute (CL 1948, § 623.85 [Stat Ann § 27.1584]) which required same to be posted in 3 public places in the township in which the premises were situated. It was also contended that the decree of the court was prematurely enrolled, and that because of the said irregularities the sale was fatally defective. Commenting thereon, it was said (p 55):

"With reference to such objections it may be noted that under CL 1948, § 623.90 (Stat Ann § 27.1589), the omission by an officer to give the notice of sale required does not affect the validity of such sale if made to a purchaser in good faith and without notice of the omission. In the instant case there is no showing that the purchaser of the property at the receiver's sale had notice of the omission to post notices in 3 public places in the township where the premises were situated, nor may such knowledge be assumed. Furthermore, there is no claim that plaintiff was in any way injured or aggrieved by the proceeding that he now undertakes to attack. If he has been prejudiced in any way this record fails to show it. Under the circumstances we do not think that he is in position to seek relief in this equitable proceeding. *Solomon* v. *Neubrecht,* 300 Mich 177."

Under the proofs in the instant case it does not appear that the plaintiffs were prejudiced because of the irregularities and omissions of which they complain. Plaintiff Ristau knew of the levy, knew also that notices of the sale had been posted, and was advised of the change in the date of sale. He

accounted for his failure to be present on the adjourned date by saying that he was working at that time. It does not appear that defendant at the time of its purchase at the sale had knowledge of the alleged defects and irregularities of which plaintiffs now complain.

Under the facts as disclosed by the record we conclude that plaintiffs are not entitled to the equitable relief sought by them. It is unnecessary to discuss other questions argued by counsel in their briefs. Defendant became the owner of the property by virtue of the levy, the subsequent sale to it, and the sheriff's deed reciting the jurisdictional facts. A decree will enter in this Court granting to defendant and cross plaintiff the relief sought by it, quieting title to the property in question. Appellant may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.